UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN CHASE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>Defendant. | CASE NO. 14-5932 RJB<br><br>ORDER ON DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

This matter comes before the Court on Defendant Principal Life Insurance Company's ("Principal Life") Motion to Dismiss Plaintiff's Complaint. Dkt. 6. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

In this disability insurance coverage case, Plaintiff makes a single claim, seeking a declaration that the insurance policy between he and Principal Life "includes an extension of benefits for his life," not merely benefits until age 65. Dkt. 1-1, at 4. Principal Life now moves for dismissal of the case, arguing that the application (as amended), the policy, supplements, and

amendments to the policy explicitly exclude life time benefits. For the reasons stated below, Principal Life's motion should be denied.

## I. FACTS

Originally filed in Pierce County, Washington Superior Court, the Complaint alleges that on September 13, 1994, Plaintiff submitted to Principal Life an "Application for Disability Insurance," and a "Supplemental Application for Disability Insurance." Dkt. 1-1, at 2. These documents are attached to the Complaint. Dkt. 1-1, at 6-8 and at 10-11 respectively. The "Supplemental Application for Disability Insurance" form has a section entitled "Other Benefits" and a box in that section labeled "Lifetime Extension" is marked. Dkt. 1-1, at 10.

On December 11, 1994, Principal Life issued Plaintiff the Disability Insurance Policy at issue. Dkt. 1-1, at 3. The policy is also attached to the Complaint. Dkt. 1-1, at 21-36. The policy provides, in pertinent part, that:

> The policy ends on the Age 65 Policy Anniversary unless renewed. The owner may renew this policy on a year to year basis after this date for life if:
> 1. You are actively working outside your home full time at least 30 hours a week for at least 46 weeks a year, and
> 2. The policy is in force with no premium in default.

Dkt. 1-1, at 32. The "Age Policy Anniversary" is defined as the "policy anniversary on or next following the birthday designated. Example: If the policy date is June 5, 2001, and you are 65 years old on April 3, 2007, the Age 65 Policy Anniversary is June 5, 2007." Dkt. 1-1, at 25. The policy's "Data Page" indicates that "Maximum Benefit Period – to Age 65 Policy Anniversary." Dkt. 1-1, at 23. It further provides, in a section entitled "Entire Contract," "[t]he policy, the attached applications, and any attached riders or endorsements make up the entire contract." Dkt. 1-1, at 34. The Complaint also has attached to it the policy's "Cost of Living Adjustment Rider." Dkt. 1-1, at 35-36. The rider indicates that it "ends on the first of: (1) Your Age 65

Policy Anniversary; (2) The Owner's written request to terminate it; or (3) Termination of the policy of which it is a part." Dkt. 1-1, at 36.

Plaintiff's Complaint alleges that on January 19, 1995, Plaintiff signed the "Acknowledgment of Delivery" form sent by Principal Life. Dkt. 1-1, at 2. This document, also attached to the Complaint, acknowledges receipt of the insurance contract. Dkt. 1-1, at 13. Plaintiff's alleges in the Complaint that he also received a document that outlined his coverage, and that was signed by his insurance agent on January 18, 1995. Dkt.1-1, at 2-3. Attached to the Complaint is the "Outline of Coverage for Disability Income Policy Form HH641" that Plaintiff received. Dkt. 1-1, at 14-19. The Outline of Coverage states:

> **READ YOUR POLICY CAREFULLY**: This outline of coverage provides a very brief description of the important features of your policy. This is not the insurance contract, and only the actual policy provisions will control. The policy itself sets forth in detail the rights and obligations of both you and your insurance company. It is therefore important that you **READ YOUR POLICY CAREFULLY**.

Dkt. 1-1, at 14 (emphasis in original). This document also, provides, in part, "[i]f your Maximum Benefit Period is 'to Age 65 Policy Anniversary,' and your loss occurs prior to that Anniversary, the Maximum Benefit Period will be extended to 'Lifetime' for benefits payable under the Disability Benefit section. Benefits will be paid as long as the loss continues." Dkt. 1-1, at 16. This document also has a box marked that states:

> TOTAL DISABILITY LIFETIME EXTENSION RIDER. If the Maximum Benefit Period under the policy is "To Age 65 Policy Anniversary," we will pay a proportion of the monthly benefit for Continuous Total Disability which begins before your Age 65 Policy Anniversary. Benefits continue for life or until the end of your Continuous Total Disability.

Dkt. 1-1, at 18.

Plaintiff alleges that he became totally and permanently disabled in March of 1995. Dkt. 1-1, at 3. Plaintiff asserts that he submitted his claim on or about March 4, 1995, and Principal Life approved his claim for disability benefits. *Id.* Plaintiff has made all his premium payments. *Id.* Plaintiff is now 63 years old. *Id.* Plaintiff asserts that Principal Life refuses to confirm the extension of benefits for life. *Id.*

In addition to seeking a declaration that Plaintiff's coverage includes benefits for life, Plaintiff seeks attorney's fees and costs. Dkt. 1-1, at 4. Principal Life removed the case based on diversity jurisdiction. Dkt. 1.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B. PRINCIPAL LIFE'S MOTION TO DISMISS

Principal Life's motion should be denied. Plaintiff has stated a claim for relief that is plausible on its face. *Twombly*, at 1974. In its motion, Principal Life argues that Plaintiff's case should be dismissed for failure to state a claim because the two documents Plaintiff relies on, the "Outline of Coverage" and the September 13, 1994 application, do not provide him the relief he seeks. Dkt. 13. Principal argues that the "Outline of Coverage" is not part of the parties' contract, as it expressly states. *Id.* It asserts that even if the "Outline of Coverage" were a part of the contract, Plaintiff expressly and unequivocally amended the contract removing the "Lifetime Extension" benefit. *Id*. Principal Life argues that the amendments to the application, which removed the "Lifetime Extension" benefit, (one amendment signed on January 19, 1995 and the other amendment signed on March 8, 1995), are referred to in the policy, but Plaintiff did not file them with his Complaint. *Id*. Principal life attaches them, and they both provide, in relevant part, "[t]he application on the life of Steven G. Chase, dated 9-13-94 is hereby amended by the undersigned in the following particulars: . . . WITHOUT TOTAL DISABILITY LIFETIME EXTENSION RIDER . . ." Dkt. 6-3, at 2-3 (emphasis in original). The amendments further provide:

> This Amendment is a part of the application. Except as modified above, this Amendment is subject to all agreements contained in the application. The application and this Amendment are to be taken as a whole and are to be considered as the basis for and as a part of the policy.

*Id*.

Although the court generally looks only to the face of the Complaint when ruling on a motion to dismiss, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002))(*internal citations omitted*).

Even considering the additional pleadings proffered by Principal Life, its motion should be denied. Plaintiff has stated a plausible claim for relief. On December 11, 1994, Principal Life issued Plaintiff the Disability Insurance Policy at issue. Dkt. 1-1, at 3. The policy specifically states that "[t]he policy, the attached applications, and any attached riders or endorsements make up the entire contract." Dkt. 1-1, at 34. The "Supplemental Application for Disability Insurance" form has a section entitled "Other Benefits" and a box in that section labeled "Lifetime Extension" is marked. Dkt. 1-1, at 10. The amendments to Plaintiff's application to which Principal Life points (which specifically remove the lifetime benefits) were not signed until after the policy was issued: on January 19, 1995 and March 8, 1995. Plaintiff convincingly argues that there is a dispute over which documents make up the entire contract. The motion to dismiss should be denied at this stage.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

Defendant Principal Life Insurance Company's Motion to Dismiss Plaintiff's Complaint (Dkt. 6) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of February, 2015.

ROBERT J. BRYAN
United States District Judge